THE STATE OF IOWA v. GLASS.

9 325<br>d118 619

1. DISCRETION: AFFIRMANCE. The affirmance of a judgment of a justice of the peace, in the District Court, on motion, for the non-payment of the docket fee, will not be disturbed by this court, unless there has been a manifest abuse of the discretion reposed in that court.

2. PENAL BOND. The State may proceed, after default, upon a penal bond executed in a criminal proceeding, either by ordinary civil action, or by *scire facias.*

*Appeal from Mahaska District Court.*

TUESDAY, OCTOBER 18.

Information was filed against defendant, Glass, before a justice of the peace, charging him with assault and battery. He entered into bond for his appearance at a subsequent day. Not appearing, he was defaulted, and an action commenced before the justice to recover the penalty of the bond. The obligors appeared and answered, judgment was rendered against them for the penalty of the bond, ($100,) and they appealed. On the first day of the term, the attorney for the State replied in writing to the answer, and on the third day filed his motion to affirm because of the non-payment of the docket fee. On the 9th day this motion was sustained, and from the order therein defendant appeals.

*Crookham & Fisher*, for the appellant.

*S. A. Rice*, Attorney General, for the State.

WRIGHT, C. J.—The sixty-sixth rule of practice of the District Court for the Sixth Judicial District, requires that

when papers are filed with the clerk in appeal cases, he shall note thereon the time of filing, and docket the same, although the docket fee is not paid by appellant; but if said fee is not paid or secured on or before the meeting of court on the morning of the second day of the term, " the appellee, on motion, shall have the judgment below affirmed, with costs." The motion was made in this case on the the third, and determined on the ninth day of the term. On the last named day the appellant made a showing and paid the docket fee, but before this they seem to have taken no step in response to, or to meet the appellee's motion. The showing made was: *First*, that they supposed the case was a criminal one and that no docket fee was required to be paid by them. *Second*, that the clerk had docketed it with the criminal cases. *Third*, that the State had on the first day replied in writing to their answer filed with the justice. *Fourth*, that the appeal was taken in good faith and the docket fee paid as soon as affiant "had an idea it was required by the rule of this court." Giving to this showing its full weight, we cannot say that the court below erred in holding it, under the circumstances, insufficient. Such applications are addressed so peculiarly to the discretion of the court hearing the same, that we would not interfere, except where there has been a clear abuse of that discretion.

Now in this case, we can see many reasons why appellee's motion was properly sustained. So far from appellant having any good ground to suppose that it was a criminal proceeding, the entire record from first to last shows that it was treated and regarded as a civil action. Then it was the duty of the clerk under the rule, to docket, the case, and if he placed it in the wrong calendar, the motion of the State to affirm was sufficient to advise appellant that it was regarded by appellee as coming within the rule requiring pre-payment of fees. The replication to the answer filed on the morning of the first day, could give appellant no advantage, for the State had a right to prepare the case for trial, upon the supposition that the appeal would be properly perfected. And

the payment of the docket fee at the time stated could well be regarded and treated as evidence of negligence, rather than diligence in the prosecution of the appeal.

The objection that the justice had no jurisdiction—that his judgment was void, and that there was therefore nothing to affirm, is untenable. The State could sue upon the bond by ordinary civil action, or bring *scire facias*. *State* v. *Gorley and Cloud*, 2 Iowa. The justice had jurisdiction of the persons of the defendant and also of the subject matter, and if there was any inequality in the proceedings, they ceased to be material after the taking of the appeal.

Judgment affirmed.