HINMAN v. WEISER.

9   561<br>118  619

1. RULE OF COURT. A rule of the District Court requires the payment of the docket fee in appeal cases, "prior to the opening of the court on the first day of the term." Where a docket fee was paid on the second day of the term, and on the fourth day of the term the appellee moved the court to affirm the judgment because the fee was not paid within the time prescribed by the rule; *Held,* that the court erred in sustaining the motion.

*Appeal from Polk District Court.*

THURSDAY, NOVEMBER 3.

APPEAL from a justice of the peace.

The District Court in the 5th Judicial District adopted certain rules of practice, of which two are, in substance, as follows:

"68. The clerk shall file and docket the transcripts of all appeals from justices, &c., marking on them the time of filing, and if the docket fee be not paid prior to the opening of the court on the first day of the term, the appellee, on motion therefor, shall have the judgment of the court below affirmed, with costs.

" 69. If the appellant fails to pay the docket fee as above required, he may, nevertheless, for a good cause for such failure, shown by affidavit, pay the fee and reinstate his cause, provided such application be made by the second morning of the term, or if the adverse party consent, he may pay the fee and go to the trial."

In the present case the judgment by the justice was rendered on the 29th of January, 1859, the appeal perfected and allowed on the 7th of February, and the justice filed the transcript on the 3d of March, in the District Court. The District Court sat on the 7th of March; on the morning of the 8th, the appellant paid the docket fee, and on the 10th, being the fourth day of the term, the plaintiff moved the affirmance of the justice's judgment, on the ground that the fee was not paid "prior to the opening of the court on the first day of the term." The defendant resisted the motion on several grounds, but it was sustained, and the judgment was affirmed. On the 11th of March, the appellant filed a motion with an affidavit, that the judgment of affirmance be set aside, and for a continuance, which was overruled. To these rulings the defendant excepted, and appealed therefrom and they are now assigned as error.

*Ellwood, Ingersoll & Hull* for the appellant.

*Giles H. Turner* for the appellee.

WOODWARD, J.—We think the court erred in the affirmance of the judgment. The docket fee was paid two days before the motion to affirm was made. The omission to pay it at the precise time required, does not absolutely affirm the judgment, but this requires a motion from the other side, for without such, the omission may be passed by and have no effect. And it is a general rule in reference to defaults of this nature, that if the default or omission is supplied before the opposite party sustained detriment, or makes an objection of the default, it is cured.

Rules of this nature are intended to promote vigilance. In the present instance, it is to insure promptness in the prosecution of the appeal, and this being effected, the motion cannot go back and nullify the defendant's action, and prevail the same as if the defendant had not performed the required act. The rule is not absolute so as to execute itself, but the plaintiff is to claim its execution, and the defendant

having performed the required act first, it is too late to claim its application.   See the *State of Iowa* v. *Glass, ante.*

We regard this view as sufficient without examining the other reasons urged by the appellant.

The judgment is reversed, and a *procedendo* awarded.