THE STATE v. EMILY *et al.*

1. **Bail bond:** FAILURE OF CLERK TO MARK "ACCEPTED." The objection that a bail bond filed and approved by the clerk, was not also marked "accepted" by him as specified in section 4968 of the Revision, is technical and cannot affect the right of the State to recover upon the bond.

2. —— ACCEPTANCE WITHOUT JUSTIFICATION. While an accused who is held to bail cannot demand a discharge upon tendering bond and surety, unless his bail justify as required by the statute, yet if a court or officer accepts the bail without requiring such justification, such fact will not render the bond void, nor discharge the bail from liability thereon.

3. —— DEFAULT: ERROR IN TITLE OF CAUSE. The fact that the title of a criminal cause in which a default is entered, omits the name of one of the defendants, does not vitiate the default, nor affect the right of recovery against the bail, when there is no reasonable question as to the identity of the cause.

4. —— RE-ARREST OF ACCUSED. Nor does the re-arrest and holding for trial of the accused after the default has been entered, affect the right of the State to recover upon the forfeiture already taken.

*Appeal from Keokuk District Court.*

MONDAY, JANUARY 27.

ACTION on bail bond. Judgment for plaintiff, and defendants appeal. The necessary facts are stated in the opinion.

*G. D. Woodin* for the appellant.

*H. O'Connor,* Attorney-General, for the State.

COLE, J. — I. The grand jury of Keokuk county at the October Term, 1864, of the District Court, found 1. BAIL BOND: three bills of indictment against Robert failure of clerk Searcey, Jo. Allen Martin and Mathias Carter, to mark "accepted." for larceny — horse stealing. At the February Term, 1865, Robert Searcey having been arrested, and

his bail having been fixed at nine hundred dollars, he gave bond with defendants as his sureties, in the sum fixed, and was discharged from custody. The bond is in the usual form and as prescribed by section 4968 of the Revision, and was marked by the clerk "Filed and approved this 10th day of February, 1865." It is now objected that it was not also "accepted," and so marked by the clerk as specified by section 4968, *supra*. The objection is technical and cannot affect the right to recover upon the bond, especially so, in view of the language of the section itself, which provides that the bond, etc., "may be substantially in the form" specified. It is substantially in that form and sufficient.

II. The justification of the bail as indorsed on the bond is as follows, viz.: "We, William Searcey and James B. Emily, being duly sworn according to law, on our oaths say, we are freeholders worth twice the amount of this bond, over and above our debts in property not exempt from execution."

2. —— acceptance without justification.

The statute, section 4969, defines the qualification of bail as follows: "Such bail must be a resident and householder or freeholder within this State. Such bail must be worth the amount specified in the undertaking, exclusive of property exempt from execution."

The next section provides that the bail must justify and "the affidavit must state that they each possess the qualifications prescribed in the last section." It is now objected that the affidavit of these defendants does not show that they are "residents of this State." Before an accused who is held to bail, can demand a discharge upon tendering bond and surety, his bail must justify as required by the statute. But if a court or officer accepts bail without requiring such justification, which may well be held to be directory only, such fact will not render their bond void, or discharge them from liability thereon.

III. The accused, Robert Searcey, failed to appear at the October Term, 1866, and a default was entered against him and his sureties. The title of the cause in which the default was entered as shown by the record, was " *The State of Iowa* v. *Robert Searcey and Jo. Allen Martin*," omitting the name of Mathias Carter. This fact does not vitiate the default, since there can be no reasonable question as to the identity of the causes.

*3. —— default: error in title of cause.*

IV. After the default was entered, the court ordered a bench warrant to issue upon which Robert Searcey, the accused, was re-arrested and held for trial. This fact does not affect the right of the State to recover upon the forfeiture already taken. If he had appeared at the term of his default and excused his failure, the court might have discharged the forfeiture. Rev. § 4991. But this was not done.

*4. —— re-arrest of accused.*

Affirmed.