## DAVIDSON v. WRIGHT *et al.*

*Appeal from Tama Circuit Court — Thursday, October* 9.

#### SUFFICENCY OF EVIDENCE.

REPLEVIN of personal property, consisting of carriages, horses and harness. Jury trial. Verdict and judgment for defendants. Plaintiff appeals.

*Appelgate & Kinne* for the appellant — *Stivers & Safely* for the appellees.

MILLER, J — The only question presented in argument by appellant's counsel is, as to the sufficiency of the evidence to sustain the verdict of the jury. The evidence is set out in the record in full, and upon a careful examination of it, we are clearly of opinion that it abundantly sustains the verdict. Plaintiff claimed to have acquired the property in controversy, by purchase, from one Amos. The defendants pleaded, and offered evidence tending to prove, that such sale was only colorable, and made to hinder, delay and defraud them, the creditors of Amos. The jury found this issue in favor of the defendants, and we think correctly so upon the evidence. The judgment, therefore, must be

Affirmed.

---

## COLE v. LAUB.

*Appeal from Page Circuit Court — Saturday, October* 11.

#### RULES OF DISTRICT COURT : CASES FOLLOWED.

APPEAL to circuit court from an assessment of damages sustained by location of road.

Appeal dismissed, and plaintiff again appeals. The facts are stated in the opinion.

*Moore & Morseman* for the appellant — No appearance for the appellee.

DAY, J. — The transcript was filed in the office of the clerk of the circuit court, on the 20th day of November, 1871. On the 13th day of

February, 1872, being the first day of the next term of the circuit court, at the hour of 4 o'clock, P. M., the appellee paid the filing fee. One hour thereafter the appellant paid the filing fee. The cause was duly docketed for said term. On the second day of the term the appellee, pursuant to rule of court, filed his motion to dismiss the appeal and to affirm the assessment of damages below, upon the ground that the appeal had been taken more than ten days before the term, and that the filing fee had not been paid by or before the first day thereof. The rule referred to is as follows: "In all cases of appeal from inferior courts, taken ten days or more before the succeeding term of the district (circuit) court, * * * if the filing fee be not paid by or before noon of the first day of the term, the appellee may pay the same, and at his election have the appeal dismissed, the cause continued, or the judgment affirmed with damages." In resistance of the motion appellant filed affidavits excusing his neglect sooner to pay the filing fee. In principle, this case is not distinguishable from *Hinman* v. *Weisner*, 9 Iowa, 561. See, also, *Squires* v. *Millet*, 31 id. 169. Upon the authority of these cases, the judgment below must be

Reversed.

---

ARTHUR v. THOMAS.

*Appeal from Louisa District Court — Monday, December 11.*

CONFLICTING EVIDENCE.

THIS action is brought to recover damages for breach of promise of marriage, and also for damages for seduction. Trial by jury. Verdict and judgment for plaintiff. Defendant appeals.

*Cloud & Broomhall* and *J. S. Hurley* for the appellant. No appearance for the appellee.

MILLER, J.— The only ground upon which appellant urges a reversal of the judgment in this case is the alleged insufficiency of the evidence to support the verdict. The plaintiff sues upon two separate causes of action: 1st. For an alleged breach of promise of marriage ; 2d. For seduction. The verdict of the jury is general for the plaintiff. So that if there was evidence to support the verdict on either of the causes of action we cannot disturb it. The evidence was conflicting. The question of its weight or preponderance was properly left to the