THE STATE v. WELLS *et al.*

Bail bond: VALIDITY OF: ACTION OF. A recognizance executed before the clerk of the district court of one county for the appearance of the defendant before the court of another county wherein the indictment is pending, and where the bond is filed, is not invalid.

Nor would the failure of the clerk to indorse the approval of the bond invalidate it. Nor the absence of an averment or showing that it was acknowledged, prevent a recovery in an action thereon.

Nor need it appear in such action that the sureties in the bond were called and their default entered. This is only necessary as to the person indicted.

An action on the bond is maintainable though *scire facias* may be also allowed.

*Appeal from Des Moines District Court.*

THURSDAY, MARCH 20.

ACTION upon a recognizance. The petition is as follows: Your petitioner, The State of Iowa, avers, that heretofore, to-wit: at the January term of this court, A. D. 1870, one Abijah Hughes was indicted, charged with the crime of obtaining money under false pretenses, and was duly admitted to bail in the sum of $4,000. That on the 6th of May, 1870, defendants, Jane Darling and George A. Wells, executed their

bond or undertaking to the plaintiff, whereby they undertook and agreed that said Abijah Hughes should appear and answer to said indictment, and abide the order or judgment of the said court, and not depart without leave of the court; or, if he failed to perform either of said conditions, that the said defendants would pay to the plaintiff the sum of $4,000; which said recognizance was filed with the clerk of the said district court of Des Moines county, who thereupon approved said undertaking in the written order, a copy of which is hereto annexed as Exhibit C to this petition. Thereupon the said Abijah Hughes, under and by virtue of said undertaking, its filing and said approval by the said clerk, was ordered discharged from custody and released from the jail of Des Moines county, Iowa. Petitioner further avers, that on the 12th day of October, 1870, being the eighth day of the October term of this court, the said Abijah Hughes, being called as required by law (the case of *The State of Iowa* v. *Abijah Hughes* being regularly called for trial in said court), came not but made default. Whereupon the court ordered the aforesaid undertaking or recognizance forfeited, copies of which bond or undertaking, and record entry of forfeiture are annexed and made part of this petition. Wherefore the plaintiff claims judgment, etc.

The copy of the bond annexed was in due form and was signed by the defendants, who qualified, as shown on the bond, before the clerk of the district court of Jefferson county. The bond was indorsed, "filed May 7, 1870," and duly signed by the clerk of Des Moines county. Upon filing the bond, the clerk issued an order, also duly signed by him, and above referred to as Exhibit C, addressed to the sheriff of Des Moines county and properly entitled as follows: Whereas, the above defendant was admitted to bail in the sum of $4,000, and bond for that sum has been filed and approved by the clerk of this court, you are hereby required to release said Abijah Hughes from custody forthwith.

To this petition the defendants demurred, because the bail was not taken by the court or clerk, or by a magistrate

who held the defendant to answer; the bond was not taken, acknowledged or accepted in accordance with the statute; the bond was not approved or accepted by the clerk; it does not appear that any default was taken against the parties executing said bond, or that they were ever called; the bail did not justify before the court or clerk taking the same as required by law. This demurrer was overruled. The defendants excepted and appeal.

*Culbertson & Jones* and *M. D. & H. O. Browning* for the appellants.

*M. E. Cutts,* attorney-general, and *Smythe & Hedge* for the State.

COLE, J.— The indictment was found in Des Moines county. The bond was executed and the defendants qualified before the clerk of the district court of Jefferson county; but there is no averment or showing that it was ever acknowledged. Regularly and in order to comply with the terms of the statute, so that the prisoner could demand his discharge, the bond should have been executed and acknowledged before the clerk of the district court of Des Moines county, and the sureties should have justified before him. Rev., § 4978. But these are directory and formal matters, and failure to conform to them does not vitiate the bond. The execution of the bond, its acceptance, the discharge of the prisoner thereon, and his failure to appear according to its terms, are the essential matters respecting the bond. The *State* v. *Emily et al.,* 24 Iowa, 24. These all appear in this case.

The fact that the bond was approved is distinctly averred, and is admitted by the demurrer; such approval need not be indorsed on the bond. It was not necessary that these defendants should have been called and their default entered; it was enough to call the person indicted. The *State* v. *Gorley,* 2 Iowa, 52. An action on the bond is maintainable, even if *scire facias* is also allowed. Id.

Affirmed.