FRANK A. HODOWAL, *et al.*, Appellants, v. A. L. YEAROUS,
*et al.*, and A. L. YEAROUS v. FRANK A.
HODOWAL, Appellant.

**Action: JOINDER OF CAUSES.** An action for forcible entry and detainer
of real property cannot be consolidated with an action relating
to the same land to set aside a tax deed and permit redemption
from a sale for taxes, under Code 1873, section 2734, providing that
1  two or more actions pending in the same court which might have
been joined may be consolidated; as one is a law action, and the
other an equitable one, and therefore may not be prosecuted by
the same kind of proceedings, which, under Code 1873, section 2630,
is a condition of joining causes of action.

**Affirmance of Justice's Judgment: OPENING UP.** The district court
should not open a judgment affirming a judgment of a justice of
the peace entered on the motion of appellee, because of failure of
the appellant to docket the case by noon of the second day of the
2  term to which the same was returnable as required by Iowa dis-
trict court rule 4, of the rules of practice in the Iowa district
courts, upon an affidavit of appellant which affirmatively shows
neglect to have the case docketed after taking the appeal, or
which merely shows that the matter was left with the appellant's
attorney, who, for some reason, did not attend to it.

*Appeal from Jones District Court.*—HON. W. P. WOLF,
Judge.

THURSDAY, OCTOBER 7, 1897.

THE first entitled action is to set aside a tax deed,
and permit redemption from a sale for taxes; the second,
for forcible entry and detention of real property. The
real estate involved in the two suits is the same. The
equity suit was commenced in September, 1895, and the
other before a justice, October 31, 1895, and the issues
tried to a jury, that returned a verdict for the defend-
ants. The defendant appealed to the term of the district
court commencing December 10, 1895, and on the seven-
teenth of that month the appellant, not having the cause

docketed, as provided by rule 4 of "Rules of Practice in District Courts," the appellee procured the same to be docketed, and the judgment was affirmed. On the same day the appellant appeared, and moved the court to open the judgment, and set the case for trial, and that it be consolidated with the equity case. The motion, supported by affidavit, was sustained. Later in the proceedings, a motion to set aside the order of consolidation was denied, and a motion by defendants in the equity case to separate the causes for trial was denied, as was also a jury in the law action. The cases, as consolidated, then proceeded to trial, and a decree was entered dismissing the petition in the equity case, and awarding possession to the plaintiff in the law action. The plaintiffs in the equity suit and the defendant in the law action appealed.—*Reversed.*

*W. C. Gregory* and *R. W. Henry* for appellants.

No appearance for appellees.

GRANGER, J.—I. It is insisted that the causes should not have been consolidated. It seems clear to us they should not have been, if for no other reason, because the statute does not provide for the consolidation of such causes. Code 1873, section 2734, is as follows: "Whenever two or more actions are pending in the same court which might have been joined, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no sufficient cause be shown the same shall be consolidated." These two actions were, at the date of consolidation, pending in the same court, but they could not have been joined. One is a law action, and the other an equitable one. They are to be prosecuted by different proceedings. Code 1873, section 2630, tells what actions may be

joined, as follows: "Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, provided that they be by the same party, and against the same party in the same rights, and if suit on all may be brought and tried in that county, may be joined in the same petition." These actions are not to be prosecuted by the same kind of proceedings, are not by the same parties against the same parties, nor do they involve the same rights. The conditions do not meet the requirements of the law for the consolidation of actions.

II. It may also be said that the showing to open up the judgment is insufficient. We have examin.d the transcript to know the record. The rule to govern such proceedings is as follows: "In appeals from justice's courts or other inferior tribunals in civil causes, the appellant shall cause the case to be docketed by noon of the second day of the term to which the same is returnable, and, in case of his failure so to do, the appellee may procure the case to be docketed, and will thereupon be entitled to have the judgment below affirmed.   *   *   *   But the judgment, if affirmed, may be opened at any time prior to noon of the following day of the term, by appellants making a satisfactory showing of merits and excuse for his default." The affidavit, when stripped of much that is immaterial, devoted to the question of the two actions involving the same questions as to title, etc., is no showing whatever of excuse for default. It is an affirmative showing of a neglect, after taking the appeal, to bring a transcript to the district court, and have the case docketed. Another affidavit by plaintiff in that case shows that the matter was left with his attorney, who, for some unknown reason, did not attend to the matter. We think the court erred in opening up the judgment, after being affirmed under the rule. The judgment as to both cases is REVERSED.