CHAS. VASEY, Appellant, v. SARAH PARKER, Appellee.

118  615
128  146
128  148

Appeal From Justice's Court: AFFIRMANCE OF JUDGMENT WHEN.
On an appeal from a justice's court, there must be a failure on
the part of the appellant to both pay the clerk his fee and to
have the case docketed before the appellee is entitled to an
affirmance of the judgment under Code, sections 4559 and 3660.

*Appeal from Jasper District Court.*—HON. A. R. DEWEY,
Judge.

SATURDAY, DECEMBER 20, 1902.

THIS is an appeal from an order made by the trial
court dismissing an appeal from justice's court, and deny-
ing plaintiff's motion to set aside this order of dismissal.
*Reversed.*

*E. H. Addison* for appellant.

*G. M. Tripp* for appellee.

DEEMER, J.—Plaintiff commenced action before a
justice of the peace. Issues were joined, and the case
tried, resulting in a judgment for defendant. Plaintiff
gave notice of appeal, and filed the bond required by law,

and on the 13th day of July, 1900, the justice certified a transcript of the record to the district court of Jasper county. On receipt of the transcript the clerk of said district duly filed the same, and caused the case to be docketed for the December, 1900, term of court. This court convened on the 4th day of December, and on the 6th the defendant filed a motion to affirm the judgment, based on the grounds (1) "that plaintiff had failed to pay the filing fee"; and (2) "that defendant had paid that fee, and was therefore entitled to the relief asked." This motion was sustained on the 11th day of December, and on the 12th, at about 3:30 p. m., plaintiffs filed a motion to set aside the order, accompanied with a showing in excuse of his failure to pay the docket fee. This motion was over ruled, to which plaintiff excepted; and the court affirmed the judgment of the justice of the peace, and rendered judgment against plaintiff for costs.

The case involves a consideration of the following statutory provisions:

"Sec. 4559. If the appellant fails to pay the docket fee and have the case docketed by noon of the second day of the term at which the appeal should come on for trial, unless time is extended by the court, the appellee may do so and have the judgment below affirmed, or have the case set down for trial on its merits, as he may elect.

"If the appellant, before noon of the next day after an order of affirmance has been granted, shall appear and make a sufficient showing of merits and proper excuse for his default, and pay to the clerk the docket fee, the court in its discretion may set aside the order of affirmance. * * * "

"In docketing appeals from justices' courts and other inferior tribunals in civil causes, the appellant shall cause the case to be docketed by noon of the second day of the term to which the same is returnable, and in case of failure to do so the appellee may procure the case to be docketed,

and thereupon will be entitled to have the judgment below affirmed, or have the case set down for trial upon its merits, as he may elect, and the provisions of the Code as to appeals from the justices' courts shall be applicable, so far as may be, to other appeals contemplated by this section." Code, section 3660.

This last section seems to have been taken from the rules of practice adopted by the district judges of the state, but is now, as will be observed, a part of the Code.

There is an apparent lack of harmony in these sections, and we have to determine whether, when properly construed, they require an appellant, on appeal from a judgment of the justice of the peace, not only to cause the case to be docketed, but also to pay the clerk of the district court his docket fee. We may remark, in passing, that appellant's motion to set aside the order of affirmance was not filed in time to be considered under the last clause of section 4559. The order of affirmance was entered on the 11th day of December, and plaintiff's motion was not filed until 3:30 in the afternoon of the next day. Moreover, there is no such showing of excuse as would justify us in interfering with the discretion lodged in the trial court in such matters.

Turning now to the sections of the Code before quoted, we find that appellee may have the judgment affirmed when, and only when, the appellant fails to pay the docket fee and have the case docketed. Unless appellant is in default in both particulars named, there is no right to an affirmance. This thought is strengthened when we read the last paragraph of section 4559, which provides for setting aside the order of affirmance. The remedy here is summary, and the statute should have a strict construction. Unless, then, the party relying thereon brings himself squarely within its terms, he is not entitled to the relief granted. No doubt, the mischief intended to be cured was the practice which at one time prevailed of appealing

cases, and then failing to get them to trial or dispo-
sition.   Under our construction, this mischief is avoided.
The clerk is not required to docket any appeal without
being paid the fee which the law exacts for such services,
but if he concludes to waive the fee, and places the case
upon the docket for trial, there does not seem to be any
authority for dismissing it because the fee was not paid.
This view is greatly strengthened by a consideration of
section 3660 of the Code.   That section clearly applies to
docketing alone, and under its provisions the case may be
dismissed without reference to the question of filing fees.
Under neither section does there appear to be a right of
dismissal or affirmance for failure to pay the filing fee
alone.   See, as somewhat in point, *Hodowal v. Yearous*,
103 Iowa, 32.   To harmonize the two sections, it is nec-
essary to hold:  First, that the clerk is not required to
docket an appeal from justice court until the docket fee is
paid, and that when paid the appellant must see that the
case is docketed; second, that if the fee is not paid, and
the case not docketed, it may be dismissed under section
4599 of the Code.   If the fee is paid, and the case not
docketed, it may be dismissed under section 3660.   So
that it is the docketing of the case which gives it standing
in the district court.

In *Squires v Millett*, 31 Iowa, 169, in construing a
rule of court much more favorable to appellee than either
of the statutes quoted, we held, where the case was dock-
eted by the clerk without requiring the fee from either
party, that the rule had no application, and that appellee
was not entitled to an affirmance of the judgment.   Much
that is there said is applicable here, and we quote from
that opinion as follows:  "The record shows that the cause
had been docketed several times in both the district and
circuit courts without the docket fees having been paid,
and each court made orders in the case from term to term
for about one year before the motion to affirm was made.

The reason for requiring the docket fee to be paid is that the cause may be placed in the docket and tried in its order. Here the case was docketed without the fees having been paid for about a year. The plaintiff was in no manner prejudiced by reason of the nonpayment of fee. The cause was docketed, and he was not required to pay the fee for that purpose, nor was he hindered from a trial of the cause in its order by the failure to pay the fee by the applicant. The clerk might have refused to docket the cause until the fee was paid, and then, under the rule, if the appellant refused or neglected to pay it, the appellee might do so, and have the judgment below affirmed. This case does not come within the spirit of the rule." See, also, *Cole v. Laub*, 35 Iowa, 590, and *Hinman v. Weiser*, 9 Iowa, 561. *State v. Glass*, 9 Iowa, 325, is not in point, for the reason that the rule therein construed required the clerk to docket the case without the payment of the fee, and then provided that, "if the fee was not paid or secured by a certain time, appellee might have the judgment affirmed." It was held under this rule that appellee was entitled to an affirmance of the judgment because of appellant's failure to pay the filing fee. The distinction between that rule and the statute we are now considering is so plain that further elaboration is unnecessary. Our conclusion, also, has some support in *Harrison v. Palo Alto County*, 104 Iowa, 383, and cases cited therein. Other courts have construed similar statutes as we do these now before us. *Bray v. Redman*, 6 Cal. 287; *Railroad Co. v. Waltemyer*, 47 Md. 328; *Carbondale Town Co. v. Ives*, 10 Colo. 81, 14 Pac. Rep. 120. But in the absence of authority, it seems clear that appellant's motion to set aside the order of affirmance should have been sustained. —REVERSED.