STATE OF IOWA, appellee, v. WILBUR CHAPMAN BAKER, defendant; DAISY JOHNSON and C. A. DUNAGAN, appellants.

No. 48967.

(Reported in 78 N.W.2d 411)

SEPTEMBER 18, 1956.

Joseph Z. Marks and Don Hise, both of Des Moines, for appellants.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Keith Mossman, County Attorney, for appellee.

THOMPSON, C. J.—This appeal comes to us upon the motion of the plaintiff, the State of Iowa, to dismiss an appeal from a judgment of the District Court of Benton County against all defendants upon an appearance bond, and to affirm the judgment. The defendant Baker was charged with a felony in criminal cause No. 2810, and the other defendants are his sureties upon the bond. Only the two sureties appeal. They will be designated hereinafter as the defendants.

Generally we do not file opinions in connection with rulings upon motions. But since a question of some importance

is raised by the motion and the defendants' resistance thereto, which has not heretofore been squarely decided in Iowa, we have decided to clarify the matter by a written opinion.

I. The primary question in the case is whether proceedings for the forfeiture of bonds in criminal cases and for judgment thereon are civil or criminal. No question is raised here but that the proceedings followed by the trial court were technically correct. But it is the contention of the defendants that the proceedings were at all times criminal in nature, and were treated by the clerk of the Benton District Court and by this court as such. Nor is it denied that no abstract of the record has been filed, whatever the nature of the proceedings. Some statement of facts is in order.

The principal defendant, Baker, was charged with a felony in justice court and held to the Benton County grand jury, on April 17, 1954. Bond was fixed at $5000. This was later reduced to $3000, and still later increased, by the district court, to $5000. This latter bond was furnished with the defendants as sureties and is the one upon which the judgment was later entered.

The matter was not presented to the next grand jury, and in fact three terms of court went by with no action being taken. This the trial court found was because Baker's attorney appeared at two different times to request that the matter be continued without action, giving as the reason that Baker had been convicted of a serious offense in the District Court of Buena Vista County, and was appealing this conviction to the supreme court. It was requested by the appearing counsel that the Benton County charge be left in abeyance until final disposition of the Buena Vista County appeal. No complaint or denial is made of this finding of the Benton District Court. The appeal from the Buena Vista County conviction was affirmed by this court on September 21, 1954, and rehearing denied on November 19, 1954. See State v. Baker, 246 Iowa 215, 66 N.W.2d 303. The Benton County prosecuting attorney and the court there were not advised of this for some time, however. On July 21, 1955, a true information was filed against Baker in the Benton District Court and an order was entered requiring Baker to appear for arraignment on July 28 next, at 10 a.m. On that

date counsel appeared for him and at his request the hearing was continued to August 4 following. At that time neither Baker nor counsel appeared; and on August 29 next, no one having appeared, Baker was duly called three times in open court, without result, and an order was entered forfeiting the bail. Proper proceedings looking to the entry of judgment against the sureties were had and judgment duly entered on November 7, 1955. Notice of appeal from the judgment was given by the sureties on December 5, 1955, but no printed record has yet been filed. It appears that at the time he was required to appear for arraignment Baker was "long gone". Whether he left his country for his country's good, or his own, or both, the record shows that he left the United States after the affirmance of his Buena Vista County conviction in this court, and while his petition for rehearing was pending, during the month of October 1954, via New Orleans.

After the appeal was taken the clerk of the Benton District Court filed in the supreme court a transcript of the proceedings, in accordance with established procedure in criminal cases. On March 5, 1956, and again on April 4 following, this court, pursuant to stipulation of the attorneys for the State and the defendants, entered memorandum orders extending the time for the filing of "the written record on appeal", the latest extension expiring on May 7, 1956. No record has been filed, and the State's motion to dismiss is clearly proper and well founded, unless there is merit in the contention of the defendants that the cause is in the nature of a criminal proceeding and we should examine the transcript under the provisions of section 793.18, Code of Iowa 1954, which we set out herewith:

"If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

It is the further argument of defendants that if we examine the transcript it will be apparent that the true informa-

tion was filed too late, three terms of court having elapsed without action after Baker was held to the grand jury. Defendants then cite sections 795.1 and 795.3 of the Code, relying particularly upon the latter, which is quoted herewith:

"If the defendant be not indicted or tried as above provided, and sufficient reason therefor is shown, the court may order the prosecution continued from term to term, and discharge the defendant from custody on his own undertaking, or on the undertaking of bail for his appearance to answer the charge at the time to which the same is continued, but no continuance under this section shall be extended beyond the following three terms of the court."

 Whether defendants' position would be sound if this were a criminal proceeding we need not determine. The rule is clear that proceedings upon a bail bond are civil rather than criminal in their nature. This is from 6 Am. Jur., Bail and Recognizance, section 191:

"It is well settled that an action by the state or government on a criminal bail bond is civil, and not criminal, in its nature. Since a recognizance or bail bond is a contract between the sureties and the state for the production of the principal at the required time, it is clear that an action by the state against a surety on a forfeited recognizance or bail bond does not involve the guilt or innocence, conviction or acquittal, of any person, and is not a criminal case of any grade, or a criminal proceeding, though it may be a proceeding arising in a criminal case. It is in no sense a continuation of the criminal proceedings in which the bail bond was given. The state may bring a civil proceeding either by scire facias upon the bail bond or the recognizance or by an action of debt to recover the penal amount thereof."

To the same effect is 8 C.J.S., Bail, section 95: "Enforcement of liability on a forfeited bail or recognizance bond ordinarily is through a civil proceeding, instituted by the issuance of a writ of scire facias or by an independent action."

The great weight of authority supports the quotations above. In fact, the minority which holds the proceeding to be criminal is so small that it is ignored by some of the writers and com-

pilers of encyclopedias. We are satisfied that the majority rule is correct and should be followed in Iowa. It seems to have been approached, if not definitely so held, by this court in State v. Glass, 9 Iowa 325, 326.

The defendants urge that the matter was at all times carried under the number of the criminal case, 2810; that the clerk filed a transcript in this court as in criminal cases; and we ourselves recognized that it was such by approving stipulations extending the time for filing the "record on appeal." We find these contentions without merit. The rule is, as quoted above, that the liability on the bond may be enforced by scire facias or by an independent action upon the bond. The usual procedure in Iowa is in the nature of scire facias, although it probably is not often so designated. A statutory method of forfeiture and judgment is provided by sections 766.1, 766.2 and 766.3 of the 1954 Code; and it is this method which closely resembles a scire facias, and which was the method adopted here.

A scire facias is defined as a judicial writ founded on some matter of record, such as to obtain satisfaction of judgments from sureties on bail; and the term has in common practice come to be applied to the entire proceeding looking to the entry and collection of the judgment. 79 C.J.S., Scire Facias, section 1; Egan v. Chicago Great Western Ry. Co., C.C., N.D. Iowa, 163 F. 344, 350. We have ourselves held that a separate action on the bond may be maintained, and that the procedure analogous to scire facias provided by the statute is not exclusive. State v. Wells, 36 Iowa 238, 240; State v. Gorley, 2 (Clarke) Iowa 52, 54.

However, since the statutory procedure was followed here and no complaint is made that it was not properly observed, we turn to the defendants' contention that because the case was at all times carried under the number of the criminal action against Baker; that the clerk filed a transcript of the record in this court; and that we made two orders, in line with stipulations of the parties, extending the time for filing the printed record, the matter should be considered as a criminal cause and we should give them the benefit of a study of the record as shown by the transcript under the provisions of section 793.18, supra. We find no merit in these arguments.

As to the number of the case, it is the usual procedure to continue the criminal number when forfeiture of the bond and judgment thereon is sought under the statutory procedure. No new action is ordinarily docketed, although the proceeding on the bond is in effect a separate suit. We have pointed out above the rule that proceedings for judgment on bail bonds are civil, whether brought by separate action or through a scire facias such as is provided by our statutory procedure. Nor does the action of the clerk in forwarding a transcript to this court effectuate a change from civil to criminal cognizance. Perhaps the clerk did this through a misunderstanding of the nature of the proceedings, perhaps merely through an abundance of caution. In any event the clerk had no authority to change the nature of the action, nor should the defendants have been misled thereby. See State v. Glass, 9 Iowa 325, 326, supra.

Likewise, we see nothing in the fact that this court, in accordance with the stipulations of the parties, extended time for the defendants to "file their printed record on appeal." While extensions of time to file the printed record in civil causes are ordinarily addressed and presented to the trial court, under R.C.P. 342(a), we have authority, under our own Court Rule 11, to grant additional time under certain circumstances. We see nothing in this which made a criminal cause out of a strictly civil action. It is true the stipulations each bore at the top, in their captions, the notation "Criminal No. 2810." This was evidently the only number the proceeding ever had in the district court; but we find nothing in any of the matters presented which changed the essential nature of the action from civil to criminal, or which should have misled the able counsel for the defendants.

 The latest date granted for filing the printed record was May 7, 1956. Nothing has been filed, except for the clerk's transcript, which has no standing in a civil case; nor is any excuse given or showing of good cause attempted. We hold that a proceeding for forfeiture of bail and judgment thereon is a civil action, whether brought under the statutory provisions or by a separate suit in the nature of an action for debt; that there is no sufficient showing that the plaintiff ever acquiesced in an

agreement that the present proceeding was criminal in its nature, and no evidence that any action of the plaintiff or any of its officers or counsel or of this court was fairly calculated to mislead the defendants.

II. It is perhaps worth pointing out that even if we had held the proceeding was criminal in its nature, it would avail the defendants nothing. The Code section, 793.18, upon which they rely, and which is set out above, is in force only if "the appeal is taken by the defendant * * *." This means, of course, the "defendant" who is convicted of a criminal offense. Its purpose is to assure that if he is unable to employ counsel, or if his case is improperly or inadequately presented, or if for any reason he has not had a fair trial and been accorded due process of law, he will have a sure review of the record in the appellate court. There is reference to a reduction of the "punishment", and a prohibition against increasing it. It is a novel contention that this statute was intended for the protection of sureties on bail bonds; and while we may recognize the ingenuity which prompted it, we find it entirely lacking in merit.

The motion to dismiss the appeal and affirm the judgment of the trial court is granted.—Appeal dismissed and judgment affirmed.

All JUSTICES concur.