SQUIRES v. MILLETT.

| 31 | 169 |
|----|-----|
| e118 | 618 |
| 31 | 169 |
| 128 | 148 |
| 31 | 169 |
| f138 | 540 |

**Practice:** RULE OF DISTRICT COURT. Where a rule of the district court provided that if the appellant, in an appeal from a judgment of a justice of the peace, failed to pay the docket fee by noon of the second day of the term, the appellee might pay such fee and have the case docketed and the judgment affirmed, it was *held*, where the case was docketed by the clerk without requiring the fee from either party, that the rule had no just application, and that the appellee was not entitled to have the judgment affirmed on motion.

*Appeal from Delaware District Court.*

SATURDAY, JANUARY 28.

THIS action was commenced before a justice of the peace on a promissory note. The defendant pleaded payment. The cause was tried and judgment rendered by the justice for plaintiff, on the 15th day of December, 1868, and on the same day defendant appealed.

The appeal was docketed at the April term, 1869, of

the district court, and on the first day of the term the district judge, on his own motion, ordered the cause transferred to the circuit court docket, which was done by the clerk. At the May term, 1869, of the circuit court, the judge of that court, on his own motion, ordered the cause stricken from the docket for want of jurisdiction. The clerk thereupon transferred the cause again to the district court docket. At the October term, 1869, of which, the district judge again struck the case from his docket, the cause was again placed on the calendar of the circuit court, and again (Nov. 9, 1869) transferred to the district court. On the second day of the April term, 1870, of the district court, the appellee moved to affirm the judgment of the justice, because appellant had failed to pay the docket fee, the appellant at the time offering to pay the fee and demanding a trial, the court sustained the motion and affirmed the judgment without a trial. The defendant appeals to this court and assigns the ruling of the district court sustaining said motion, etc., as error.

*S. G. Van Anda* for the appellant.

*Griffin & Satterlee* for the appellee.

MILLER, J. — The appeal from the judgment of the justice had the effect, under the statute (Rev., § 3932), to bring up the cause for trial on its merits in the district court, and for no other purpose. The district court could not properly affirm the judgment of the justice without a trial unless that power existed by virtue of a rule of that court as follows:

"RULE 11. In case of appeals from justices of the peace, etc., if the appellant, when the papers are left with the clerk within the time prescribed by law, does not pay the entrance fee provided by law by noon of the second day of the term, the appellee may pay such fee and have the

Squires v. Millett.

same placed upon the docket and have the judgment below affirmed."

The record shows that the cause had been docketed several times in both the district and circuit courts without the docket fee having been paid, and each court made orders in the cause from term to term for about one year before the motion to affirm was made. The reason for requiring the docket fee to be paid is, that the cause may be placed on the docket and tried in its order. Here the cause was docketed without the fee having been paid for about a year. The plaintiff was in no manner prejudiced by reason of the non-payment of the fee. The cause was docketed and he was not required to pay the fee for that purpose, nor was he hindered from a trial of the cause in its order by the failure of the appellant to pay the fee.

The *clerk* might have refused to docket the cause until the fee was paid, and then under the rule, if the appellant refused or neglected to pay it, the appellee might do so and have the judgment below affirmed. This case does not come within the spirit of the rule. And, again, when the appellant offered to pay the fee before the ruling of the court on the motion to affirm, the court should have permitted him to do so and overrule the motion.

The judgment is reversed and cause remanded with leave to the appellant to pay the docket fee in the district court and have the cause docketed therein for trial.

Reversed