Bacon v. Black.

4. ——: pos-
.session.

---

BACON v. BLACK.

**Venue:** CHANGE OF: COSTS.  In a case where a change of venue has been taken in term time, the payment of costs at any time during the day on which they are required to be paid is a sufficient compliance with section 2810 of the Revision, provided such payment be made before the order for change of venue is vacated.

*Appeal from Warren District Court.*

WEDNESDAY, APRIL 8.

THE plaintiff instituted this action in equity to quiet his alleged title to certain real estate.  After answer by defendant, plaintiff filed his application for a change of venue based on alleged prejudice of the judge.  The motion was sustained and the venue ordered changed to Clarke county, in the third judicial district.  Subsequently at the same term this order was set aside on motion of the defendant, plaintiff's petition dismissed, and affirmative relief granted to defendant.  Plaintiff appeals.

*Edmonds & Ransom*, for appellant.

*Bryan & Seevers*, for appellee.

MILLER, CH. J.—The application for change of venue was made in compliance with the statute on the 30th day of January, 1872, and the venue was thereupon, on the same day, ordered changed to Clarke county.

On the second day after this order was made, February 1st, 1872, the defendant moved the court to set aside and vacate the order changing the venue, for the reasons that the papers in the cause had not been transmitted, nor the costs of the clerk therefor paid, or secured by the morning of the second day after making the order for the change of venue.

The record further shows that this motion came on for hearing before the court at "the evening session of the court," on the 1st day of February, 1872; that, pending the motion, plaintiff admitted that the costs had not been paid or secured to the clerk, by the morning of that day, but then offered and proposed to pay or secure the same, which the court refused to allow him to do, and thereupon set aside the order changing the venue to Clarke county. This ruling is complained of as erroneous.

Section 2810, of the Revision provides that, "if a change of venue be taken in vacation, and the applicant therefor has not procured the transmission of the papers to the proper county, before the next term thereafter, then such party shall be held to have waived his change of venue, and the cause shall be retained in the court where pending for trial therein, unless such non-transmission be the entire fault of the clerk. And if such change be taken during a term of court, unless the cause be so transmitted as aforesaid, or the costs of the clerk therefor be paid or secured by the morning of the second day thereafter, or before said cause be reached for trial, if sooner reached, then such cause shall be retained for trial in the court where pending, and tried as if no change had been prayed."

If the strict letter of this provision is to be followed, the party obtaining a change of venue must pay, or secure the

costs of the clerk therefor on or before the *morning* of the second day after the making of the order, without reference to the action of the opposing party. A payment of the costs after that time, although no steps be taken to vacate the order, would not prevent a vacation of the order afterwards made. This seems to have been the view of the court below. The effect of the ruling being, that a failure to pay or secure to the clerk the costs of the change by the morning of the second day after the making of the order, operated *ipso facto* to deny the plaintiff of all right to a change of venue.

It seems to us that this view is too narrow and technical. The fundamental rule of construction to be applied to the Revision, is that "its provisions, and all proceedings under it, shall be liberally construed with a view to promote its objects, and assist the parties in obtaining justice." Revision, § 2622. The object of the statute allowing a change of venue on the ground of prejudice in a judge, is that the parties may have a trial before an unprejudiced tribunal. In order, however, to prevent parties from using these provisions of the law as instruments of delay, and to insure prompt payment of costs arising upon a change of venue, the section above quoted was enacted. Now it does seem to us that a payment of the costs on the day when, by this section of the statute, they are required to be paid, although not on the morning of that day, if such payment be made before any action be had by the court vacating the order changing the venue, would promote the objects of the statute, and assist the parties in obtaining justice; whereas the refusal of the court to allow plaintiff to make payment, or give security for the costs, would operate to defeat such objects, and to prevent the plaintiff obtaining justice, if his affidavit for change of venue states the truth.

*venue; change of costs.*

Again the provision of the statute above quoted is a part of the law of costs, which is required to be construed remedially and not as the penal law. Revision, § 3465. To hold that the plaintiff forfeited absolutely his right to the change of venue already ordered, by failing to pay or secure the costs thereof at the precise time fixed in the statute is to construe

the statute as the penal law, holding that such failure operated as a penalty upon the plaintiff, that penalty being a denial of justice to him, while he stood ready and offering a substantial compliance with the law, before any prejudice had resulted or could result to the other party.

*Hinman v. Weiser*, 9 Iowa, 561, is a case somewhat analagous to the case before us. There a rule of the District Court required payment of the docket fee in appealed cases " prior to the opening of court on the first day of the term," and on failure the judgment should be affirmed on motion of the appellee. The docket fee was not paid until the *second* day of the term, and on the fourth day the appellee made his motion to affirm, which was sustained, and this ruling was held to be erroneous. The principle of the decision is that the fee being paid before the appellee had been prejudiced by the delay, the rule ought not to be strictly construed and enforced, but should receive a liberal construction with a view to promote its object, which was promptness in the prosecution of appeals.

Rules of court, as applied to the rights of parties to suits therein, are construed by the same rules applied to statutes. *David v. The Ætna Ins. Co.*, 9 Iowa, 45. The same construction, therefore, which was given to this rule of court, would have been adopted had it been a statutory provision.

The court below should have allowed the plaintiff to pay or secure the costs of the change of venue, as he offered to do, and have overruled the motion.

REVERSED.