H. B. DYE v. W. H. AUGUR and CHARLES SCHRAGE, Appellants.

Intoxicating liquors: STATEMENT OF CONSENT: APPEAL: PAYMENT
1   OF FEE. Where a proceeding to test the validity of a statement of consent to the sale of liquor was docketed in the district court, prior to filing of a motion to dismiss the same because the docketing fee had not been paid, the motion was rightly overruled.

Sufficiency of statement of consent: MANNER OF TRIAL. The determination of the sufficiency of a statement of consent to the sale of liquor on appeal is a special proceeding triable to the court as a law action, and the right to a continuance for the purpose of taking the testimony in writing does not obtain.

Same: AMENDMENT: LIMITATIONS. The allegation of citizenship by way of amendment to the original denial of the statement of consent is not the introduction of a new cause of action, and is not barred because not filed within thirty days as provided by Code, section 2450.

Pleading: DENIAL OF CAPACITY TO SUE. One contesting the sufficiency of a statement of consent to the sale of liquor does so as a representative of the public and may allege his citizenship generally, as showing his capacity to sue, which he is not required to prove under a general denial; but to raise the issue of his want of capacity the facts relied upon must be specifically pleaded.

Consent petition: WITHDRAWAL OF SIGNATURES. The written withdrawal of names from the statement of consent to the sale of liquor need not show the voting precinct of the signers thereto, as in the case of signatures to the statement itself.

*Appeal from Grundy District Court.*— HON. FRANKLIN C. PLATT, Judge.

FRIDAY, JANUARY 18, 1907.

REHEARING DENIED, MONDAY, JUNE 8, 1908.

APPEAL from a judgment against a statement of consent.— *Affirmed.*

*Theo. F. Bradford* and *H. B. Boise,* for appellants.

*F. W. Reisinger, C. T. Rogers,* and *J. T. Hauser,* for appellee.

SHERWIN, J.— On the 22d day of November, 1904, there was filed in the auditor's office of Grundy county, Iowa, a general statement of consent for the sale of intoxicating liquors in said county, which purported to have been signed

by 65 per cent. of the legal voters of the county who voted at the last preceding general election therein. The petition was, in fact, signed by more than 65 per cent. of such voters; it being stipulated on the trial in the district court that three thousand one hundred and nineteen legal votes were cast at the general election in 1904, and that two thousand one hundred and five of the voters signed the original petition of consent. Before the board of supervisors canvassed the petition, five hundred and forty purported withdrawals therefrom were filed with the auditor, and the appellants admit that two hundred and thirty-four signers' of the petition signed the withdrawal. The board of supervisors seems to have ignored the withdrawals from the petition. At any rate, it was found to be sufficient, and thereafter, and within the time provided by section 2450 of the Code, the plaintiff filed with the clerk of the district court a bond and a general denial as to the statement of consent, after which notice was given as required by the same section, and the statement was certified to the district court, where the proceeding was docketed and a continuance given the defendants. Still later, as we understand the record, the plaintiff was permitted to amend his bond and general denial, alleging in the latter that he was a citizen of the county, an allegation that was not made in his original denial.

Motions were made to strike this amendment and to dismiss the appeal because the case had not been docketed by the plaintiff and the filing fee paid to the clerk. Both of these motions were overruled, and there-upon the defendants asked that the case be tried as an equitable action, and this was also denied them. The case seems to have been docketed in the district court some time before the motion to dismiss was made because the docketing fee had not been paid, and under the rule announced in *Squires v.*

1. INTOXICATING LIQUORS: statement of consent: appeal: payment of fee.

*Millet,* 31 Iowa, 169, there was no error in overruling the motion.

The appellants insist that it was the intent of the Legislature that these cases should be tried on appeal from the findings of the board of supervisors in equity, and not as 2. SUFFICIENCY OF STATEMENT OF CONSENT: manner of trial. special proceedings; and that being triable as equitable actions, they had the right to take their testimony in writing and to have a continuance for that purpose. In *Green v. Smith,* 111 Iowa, 183, we held that the trial provided for by section 2450 was a special proceeding not triable by a jury, and with this holding we are satisfied. The fact that the statute declares that it shall be tried *de novo* in the district court does not necessarily indicate that the Legislature intended it to be tried as an equitable action. Indeed, the entire statute clearly shows an intent to have a speedy disposition of questions that may arise thereunder, and, if it were possible to compel either side to await the slow process of taking the depositions of a large number of witnesses located all over the county, it would amount to a practical denial of relief. We are fully satisfied that such was not the legislative intent.

As we have already said, the plaintiff did not allege in his original denial that he was a citizen of the county, and the appellants urge that it is essential to both allege 3. SAME: amendment: limitations. and prove citizenship; and, further, that the allegation in the amendment to the denial created a new cause of action, and because it was made after the lapse of five months it was barred by the limitation of Code, section 2450, which is thirty days. The allegation of citizenship did not state a new cause of action.

The original denial put in issue the sufficiency of the general statement of consent, and that was the issue and the only issue that was in fact tried. The amendment did nothing more than to allege that the denial was made by one

authorized to make it. The plaintiff instituted the contest as a representative of the public, under a stat-

**4. PLEADINGS:** denial of capacity to sue.

ute expressly providing therefor. It was not a contest, therefore, in which he alone was interested, and acting in a representative capacity he was not bound to prove such capacity until it was put in issue by sufficient allegations in the appellant's pleadings. Code, section 3627, provides that a plaintiff suing in any way implying representative or other than individual capacity need not state the facts constituting such capacity or relation, but may aver the same generally, or as a legal conclusion; and section 3628 says that, if such allegation is controverted, " it shall not be sufficient to do so in terms contradictory of the allegation, but the facts relied on shall be specifically stated." The appellants did not controvert the allegation of citizenship, except by a denial, and hence no issue thereon was raised under the statute, and no proof thereof required. *Littleton v. Harris,* 73 Iowa, 167; *Shear v. Green et al.,* 73 Iowa, 688.

The appellants further contend that the withdrawals from the petition are insufficient to reduce the petition to less than 65 per cent. The stipulation to which we

**5. CONSENT PETITION:** withdrawal of signatures.

have already referred admits that the statement of consent as originally filed was sufficient, and the only question remaining for determination is the number of names on the withdrawal that should be taken from the statement of consent. The appellants concede that two hundred and thirty-four signers of the general statement signed the withdrawal, and that the withdrawal of about seventy-five would leave less than the required 65 per cent.; but they say that the same formality must be observed in withdrawing names from the statement that is required in securing it, and, if this be true, that sufficient names cannot be counted to render the statement insufficient. Code, section 2452, provides that every statement of consent shall be accompanied by the

affidavit of some reputable person, showing that said person personally witnessed the signing of each name appearing thereon, and that all such statements shall show the voting precinct of the signers thereof.   Of the names on the withdrawal, one hundred and thirty-one were accompanied by the affidavit required for the statement, but failed to give the voting precinct.   Whether a withdrawal should be accompanied by the same kind of an affidavit that is required for the statement, we need not determine in this case because one hundred and thirty-one of the names thereon were so supported.   If the statement complies with the law, the voting precinct of the signer appears thereon, and except in cases where there may be two signers of the same name, either in the same or different precincts, nothing is to be gained by naming the signer's precinct in the withdrawal, for it appears on the statement, and identification is an easy matter.   In the event of duplicate names, it will not be difficult to identify the parties if it should become material to do so.   In the instant case the question is of no moment because of the appellants' concession that two hundred and thirty-four signers of the statement signed the withdrawal. What we have already said disposes of the important questions in the case, and we need not go into the question of *idem sonans.*

The district court was right in declaring the statement of general consent insufficient, and the judgment is *affirmed.*