SADIE J. ELWOOD, Appellant, v. BOARD OF SUPERVISORS OF SAC CO.; BOARD OF SUPERVISORS OF CALHOUN CO.; DRAINAGE DISTRICT No. 20 CALHOUN CO.; DRAINAGE DISTRICT No. 119 CALHOUN Co., Appellees, and S. L. WATT, Appellant, v. Same Defendants.

**Drainage:** APPEAL: STATUTES. An appeal in drainage cases is perfected by filing a notice and giving a bond; all other statutory proceedings, the filing of a transcript, payment of fee, docketing the case and the filing of pleadings, have reference to procedure after the appeal has been taken.

**Same:** DISMISSAL OF APPEAL. The statute requiring a party appealing from the establishment of a drainage district to file, among other things, a petition setting forth his claims and objections on or before the first day of the next succeeding term of the district court, and providing that failure to comply with the re-

quirements will work a dismissal, is remedial and should be liberally construed, to assist and effectuate justice between the parties: So that where by mistake, accident or neglect, the appellant, having complied with all other requirements, neglected simply to file his petition until the second day of the term, but before a ruling on a motion to dismiss on that ground was made, a dismissal should not have been entered; as the neglect was in no sense jurisdictional, and could be excused.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH, JUDGE.

MONDAY, JUNE 10, 1912.

APPEALS from orders dismissing appeals taken by the plaintiffs from awards of damages due to the establishment of a drainage district to the district court of Sac county. —*Reversed* and *remanded*.

*Elwood & Stanfield* and *L. H. & B. I. Salinger*, for appellants.

*R. L. McCord* and *John W. Jacobs*, for appellees.

DEEMER, J.—The boards of supervisors of Sac and Calhoun counties established certain drainage districts within the said counties, and in due season the plaintiffs in these cases filed, with the proper boards, claims for damages on account of the establishment and location of said districts. These claims were heard by the boards and allowances made thereon; the record being made on April 27, 1910. Thereafter and on May 16th each of the claimants appealed to the district court by giving notices and filing the requisite bonds. The next term of the district court of Sac county commenced on October 24, 1910. Within due season the auditor of Sac county filed a transcript of the record, including notices of appeal and bonds, with the clerk of the district court. Plaintiffs neglected to file petitions in the

district court on the day the term opened, and on the next day, to wit, October 25th, defendant filed motions to dismiss the appeals because petitions were not filed within the time allowed by law and "by reason thereof the plaintiff has waived said appeal." On the day the motions were filed and before the same were ruled upon, plaintiffs in each case filed proper petitions in the district court, and at the time of filing the court granted each plaintiff time in which to file affidavits of merits. These were filed on October 31, 1910, and on the same day amended and substituted petitions were filed. Still later and on November 3, 1910, plaintiff filed resistances to defendant's motions to dismiss the appeals. In support of these objections to the motions to dismiss and of their claim to have the case retained upon the docket for trial, each of the plaintiffs showed that failure to file their petitions in time was due to mistake and oversight on the part of the attorney in charge of the matter; that he prepared the petitions and supposed he had filed them with other papers; that he did not learn to the contrary until informed by his partner of the motions to dismiss; that this was on the morning of the second day of the term, and that he immediately prepared and filed the petitions before the convening of the court on the afternoon of the second day; and that he never intended to waive or abandon the appeals.

Upon this record the trial court sustained the motions to dismiss, and plaintiffs in each case have appealed. The records in the cases are identical and, while the cases were not consolidated, they will be disposed of in one opinion.

It is conceded that plaintiffs did everything required of them to get their cases into the district court and to have them there heard save to file petitions therein with the time required by statute. The statutes with reference to these appeals, so far as material, read as follows:

Any person or persons aggrieved shall have the right to appeal in the same time and in the same manner as

provided when the district is wholly in one county. . . .
If said appeal is from the award of damages . . . the
appeal shall be taken to the district court of the county
in which the land affected is located.  Notice of appeal and
bond shall be given to and filed with the county auditor in
the county where the appeal is taken.  (Code Supp. section
1989-a35 as amended by Acts 33d Gen. Assem. c. 118.)
Any party aggrieved may appeal from the finding of the
board  . . .  in the allowance of damages to the district
court by filing notice with the county auditor at any time
within twenty days after such finding, at the same time
filing a bond with the county auditor, approved by him, and
conditioned to pay all costs and expenses of the appeal un-
less the finding of the district court shall be more favorable
to the appellant  . . .  than the finding of the board.
If the appeal is from the amount of damages allowed, the
amount ascertained in the district court shall be entered of
record, but no judgment shall be rendered therefor.  The
amount thus ascertained shall be certified by the clerk of
said court to the board of supervisors, who shall thereafter
proceed as if such amount had been by it allowed the
claimant as damages.  (Code Supp. section 1989-a6, as
amended by Acts 33d Gen. Assem. c. 118.)

When an appeal authorized by this chapter is taken,
the county auditor shall forthwith make a transcript of
the notice of appeal and appeal bond and transmit the same
to the clerk of the district court, and the clerk shall docket
the same upon payment by the appellant of the docket fee;
and on or before the first day of the next succeeding term
of the district court the appellant shall file a petition setting
forth the order or decision appealed from and his claims and
objections relating thereto; a failure to comply with these
requirements shall be deemed a waiver of the appeal and in
such case the court shall dismiss the same.  (Code Supp.
section 1989-a14, as amended by Acts 33d Gen. Assem.
c. 118.)

From a reading of these it will be noticed that the
appeal is perfected by the filing of notice and the giving of
the bond.  All the other requirements have reference to
procedure after the appeal is taken.  These are (1) the
auditor must make and file a transcript; (2) upon payment

by appellant of a docket fee the clerk must docket the case; and (3) the appellant on or before the first day of the next succeeding term must file a petition, etc., and the statute then says

**1. DRAINAGE: appeal: statutes.**

that "a failure to comply with these requirements shall be deemed a waiver of appeal, and in such case the court shall dismiss the same." Plaintiffs each performed each and all of these requirements save that their petitions were not filed until noon of the second day of the term. The delay in filing is excused, however, as heretofore indicated. No ruling had been made on the motions to dismiss when the petitions were filed, and the district court clearly had jurisdiction of the cases. They were upon the docket for determination on their merits, and the sole question for our determination is what effect should be given plaintiff's failure to file petitions on the first day of the term. Going not to the jurisdiction of the court, but having reference to procedure after the appeal is perfected, the statute is open to construction and the objects and purposes thereof may be considered in arriving at a proper rule for such cases.

The dismissal is a penalty for not taking the steps required, and in view of that fact the statute should be given a strict construction in order to avoid the penalty imposed.

**2. SAME: dismissal of appeal.**

Section 3446 of the Code provides that "all provisions (of the Code) and all proceedings under it shall be liberally construed with a view to promote its object and assist the parties in obtaining justice." Appellees would have us hold that a failure to perform any of the three requirements hitherto mentioned should be treated as a waiver of the appeal and result in a dismissal, while appellant contends that the statute refers to every requirement, and unless there be a failure to comply with all there should be no dismissal. There are analogous authorities which seem to sustain appellants' contention in this regard. *Vasey v.*

*Parker,* 118 Iowa, 617; *Born v. Home Ins. Co.,* 110 Iowa, 379; *Phoenix Ins. Co. v. Lorenz* (Ind. App.) 29 N. E. 604. Aside from this, however, we are very clearly of opinion that the motion to dismiss should not have been sustained. The statute is a remedial one and should be so construed.

The petitions were filed immediately upon the discovery of the mistake or neglect and before the motions to dismiss were ruled upon. They were in time to answer every requirement of the law, and, while the statute fixes the time when the petition shall be filed, failure to comply may be excused and the case retained for trial. As supporting these views, see *Hinman v. Weiser,* 9 Iowa, 562; *Squires v. Millet,* 31 Iowa, 171; *Vasey's* case *supra;* *Simons v. Railroad Co.,* 128 Iowa, 146; *Cole v. Laub,* 35 Iowa, 590; *State v. Glass,* 9 Iowa, 325.

In *Bacon v. Black,* 38 Iowa, 162, it is said: "The failure to pay the change of venue costs by the exact time required should not, where no prejudice has resulted, or could result, bring about a denial of justice while the failing party stood ready and offering a substantial compliance with the law."

In *Hinman's* case, *supra,* the court said: "Rules of this nature are intended to promote vigilance. In the present instance it is to insure promptness in the prosecution of the appeal, and, this being effected, the motion can not go back and nullify the defendant's action and prevail the same as if the defendant has not performed the required act."

In passing upon a like statute the Supreme Court of Minnesota said *In re Brady's Estate,* 70 Minn. 437 (73 N. W. 145): "There was complete jurisdiction of the appeal without entry upon the calendar, and such requirement as to entry is intended to speed the cause and not to take away from the district court all discretion to relieve the appellant from his default in not complying with the

statute for good cause shown.   It is further said that this requirement 'is made to the end that the appeal may not be dismissed but be heard and determined on the merits.'   That while the right to dismissal is *prima facie* absolute, the power and discretion remain to refuse dismissal and to direct the case to be placed upon the calendar for trial."

Unless the requirement be jurisdictional, the uniform tenor of the authorities seems to be that, if the step required be omitted by mistake, accident or neglect, it may be cured after motion is made provided it be done before the motion is decided. *Trapp v. Bank* (Ky) 43 S. W. 470; *Mendenhall v. Elwert,* 36 Or. 375 (52 Pac. 23, 59 Pac. 805); *State v. Rightor,* 50 La. Ann. 113 (23 South. 200).   Our own cases hitherto cited maintain this rule.   See, also, *Dye v. Augur,* 138 Iowa, 538; *Free v. Tel. Co.,* 135 Iowa, 74; *Covell v. Mosley,* 15 Mich. 514; and *Fleischner v. Bank,* 36 Or. 553, (54 Pac. 884, 60 Pac. 603, 61 Pac. 345).

The cases relied upon by appellee all relate to failure to take some step to give the court jurisdiction and not as in this case to some matter of procedure after the court acquires jurisdiction.   We need not cite them as they are not regarded as controlling.

It follows the order of dismissal entered in each case must be and it is reversed and each remanded for proceedings in harmony with this opinion.—*Reversed* and *remanded.*