IOWA FARM CREDIT CORPORATION, Petitioner, v. H. H. SAWYER, Judge, et al., Respondents.

No. 40181.

APRIL 14, 1930.

*Brown, James & Needham,* for petitioner.

*Wilson, Clearman & Brant* and *Cosson & Newcomb,* for respondents.

KINDIG, J.—On August 19, 1929, the petitioner, Iowa Farm Credit Corporation, as plaintiff, filed in the municipal court of Des Moines a petition, seeking to recover from George Clearman, as defendant, $845.89, with interest, on two promissory notes, dated August 14, 1922, and October 6, 1922. For the sake of convenience, hereafter Clearman will be referred to as the defendant, and the Iowa Farm Credit Corporation as the petitioner.

Each note aforesaid, by its express terms, was payable at Des Moines. Subsequently, while the petition was thus pending, the defendant filed his sworn answer thereto, setting forth as a complete defense fraud in the inception of the contract. In an amendment to the answer, the defendant asserted that the fraud was in the inception of not only the present notes, which are renewals, but also their predecessors, the originals. Also, the defendant pleaded that Johnson County is his residence. When filing his answer, the defendant also presented an application for a transfer of the cause to Johnson County, under Section 11411 of the 1927 Code, hereinafter quoted. As before stated, it was held by the court that the answer sufficiently set up a defense of fraud, and the relief demanded in the application was granted, and the cause transferred from Polk to Johnson County.

I. But the petitioner maintains that the amended answer did not contain a complete defense because there is no allegation therein concerning defendant's damages growing out of the fraud. Therefore, he says, there can be no transfer of the cause under said Section 11411 of the 1927 Code, which reads:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

It does appear in the answer that the petitioner, as an inducement to obtaining the notes from the defendant, who was a farmer, represented: First, that it was necessary for the defendant to be a stockholder of the corporation, in order to obtain a farm loan therefrom; and second, that the petitioner was financially able to loan, and had the express approval of the United States Federal Farm Loan Board for loaning, money. Money was to be borrowed from the corporation by the defendant according to the amount of stock subscribed by him. Accordingly, the defendant bought stock, and executed the notes aforesaid, as part of the transaction. As a matter of fact, however, according to the answer, the petitioner was not financially able to make, nor did it have the approval of the United States Federal Farm Loan Board for making, farm loans. Hence, defendant could obtain no loan from petitioner, although he had subscribed for the necessary stock. The only reason why defendant bought the stock and, executed the notes aforesaid was to obtain said loan. Those fraudulent misrepresentations were material and substantial. Through petitioner's purported fraud, defendant was deprived of the only consideration which prompted his action in executing the notes.

Damages sufficiently appear, according to the allegations, for the purposes of the motion, within Section 11411, supra, to transfer the cause from the municipal court to Johnson County, the place of defendant's residence.

II. Notwithstanding the sufficiency of the answer in that regard, the petitioner contends that there was in fact no complete answer when the motion to transfer was first made. After  such motion was filed, an amendment was made, to cure a defect in the original answer. Afterwards, the defendant filed an amended application for a change of venue. Petitioner argues that there should be but one answer and one motion to transfer the cause or change the venue. With this theory, as applied to the facts in the case at bar, we are constrained to disagree. In effect, under the circumstances, there was but one final answer and one final motion. We have just had occasion to consider this proposition in the case known as *Wright v. Thompson*, 209 Iowa 1133. There we held adversely

to petitioners' claim. During the discussion in the *Wright* case, we said:

"Manifestly, the spirit of the statute [Section 11411] under consideration is to enable the defendant to have the action tried at the domicile of the defendant, rather than at the place of performance, as specified in the contract, when the defendant, under oath, has pleaded facts alleging fraud in the inception of the contract constituting a complete defense thereto. It would be a very narrow and cramped construction of the statute to hold that, with such objects in view, the party seeking the change should be held literally and technically to any error of omission in the original answer filed, regardless of the good faith with which the answer and motion to change were filed, and regardless of the facts in the case. In other words, we think it is more in keeping with the spirit of the statute and the purpose for which it was enacted that if, in good faith, the defendant files an answer in a good-faith and apparent attempt to comply with the terms of the statute, and subsequently it is discovered that, by oversight or otherwise, something important had been omitted from the answer, the defendant should be permitted to amend the answer and set up the allegations and facts. These allegations must be in the answer, not in a motion or demurrer or other pleading; but we think the good-faith statement of the issue of fraud in the inception of the transaction may be made in either the original answer or in an amendment thereto. To hold otherwise would be to inject into this matter of pleading a technicality not in harmony with the spirit of pleading under the Iowa practice."

Further discussion is unnecessary. Consequently, under the rule thus adopted, it is proper for defendant to file an amended answer and then renew his motion for the transfer.

III. However the law may be in relation to the sufficiency of the answer and the motion to transfer, petitioner further complains because the municipal court permitted the defendant  to file the statutory bond later than the period allowed by law. Such order to transfer was made by the municipal court September 21, 1929. Therein the statutory bond was fixed at $300. That order thus allowing the transfer and fixing the

bond was filed with the clerk of the municipal court on the same day. Although the order was thus made and filed, the bond was not furnished until the morning of September 26th thereafter. Section 11419 of the 1927 Code provides:

"If the order for the change is granted in vacation, it must be perfected by noon of the second day after the order is received by the clerk, and if granted during term time, by the morning of the second day thereafter, or before the cause is reached for trial, if sooner reached, or such change, whether granted in term or vacation, will be waived, and the cause tried as though no such order had been granted."

The order for the change was granted in term time. Basing his argument upon said section of the Code, the petitioner insists that the defendant waived the municipal court order aforesaid because he did not file the required bond within the time specified. A motion to avoid the transfer was filed by petitioner on September 25th because the bond had not been furnished. Time for filing the bond, as fixed in the statute, the petitioner urges, is jurisdictional. Replying to that argument, the defendant says that it is remedial only. Using that doctrine for a premise, the defendant sets forth facts which indicate, he says, that there was no waiver under the statute. Reliance at this juncture is made upon a certain Rule 9 in the municipal court, which is as follows:

"Attorneys will take notice of the proceedings of this court, including assignments, filings, rulings, etc., as published in the Daily Record."

The Daily Record is a publication in Des Moines, designated as the "official newspaper" of the municipal court. Said paper is published and circulated daily. Publication of the order allowing the change and fixing the bond was made in the Daily Record September 24, 1929.

So, as before related, defendant filed the bond in the morning of September 26th thereafter, wherefore the defendant insists that he complied with the rules of court applicable. Petitioner, however, declares: First, that the rules cannot change the statute; and second, in any event it is contemplated by the rules only that the parties shall notice the substance thereof as

being correct, and in no event shall the publication time be considered in lieu of the court order date. Thus the controversy is waged.

Manifestly, if the time of furnishing the bond is not jurisdictional, Rule 9 might be material to show that the respondent did not waive the court order. Is the time in question jurisdictional? We think not. Section 11411, supra, provides three conditions precedent to having "such action transferred to the district court of the county ·of his [defendant's] residence." These conditions are: First, "a sworn answer alleging fraud in the inception of the contract constituting a complete defense;" second, an "application;" and third, "the filing of a sufficient bond." Nothing is said in that section of the statute concerning the time when the bond must be filed. Whatever language fixes the time in Section 11419, supra, makes waiver the result of failure to comply. Waiver of what? Obviously, the court order granting the change. This court order is to be previously obtained through the three conditions precedent, set forth in Section 11411, formerly mentioned.

Jurisdiction, then, to obtain the order is dependent, as suggested, upon the sworn answer, setting forth a complete defense, the motion to transfer, and the filing of a sufficient bond. Filing the bond is made jurisdictional, but the time of so doing is not. All jurisdictional prerequisites are to be found in said Section 11411, while matters relating to waiver after jurisdiction are set forth in said Section 11419. To put the thought in another way, the court cannot make the order allowing the transfer without the answer, the motion, and the bond; but, so far as jurisdiction is concerned, the bond need not be filed in any particular time. If it is in fact furnished after the time limited in 11419, there will be a waiver of the previous order unless such result is obviated by the proper showing. As previously suggested, the time limit for the bond contained in Section 11419, supra, is remedial.

Upon many occasions, this court has held that the time in which costs are to be paid or bonds therefor filed is remedial, as distinguished from jurisdictional. *Arthaud v. Griffin*, 205 Iowa 141; *Hamill v. Schlitz Brew. Co.*, 165 Iowa 266; *Elwood v. Board of Supervisors*, 156 Iowa 407, 411; *Funk v. Church & Fitzgerald*, 132 Iowa 1; *Vasey v. Parker*, 118 Iowa 615; *Bacon v.*

*Black*, 38 Iowa 162. While those cases do not discuss the exact point here involved, yet they indicate the policy of this court. In *Elwood v. Board of Supervisors* (156 Iowa 407, 411), supra, there was involved an appeal in a drainage ditch proceeding. The statute relating to the subject-matter, among other things, provided:

"Notice of appeal and bond shall be given to and filed with the county auditor in the county where the appeal is taken. [Section 1989-a35, Code Supplement, 1913.] * * * When an appeal authorized by this chapter is taken, the county auditor shall forthwith make a transcript of the notice of appeal and appeal bond and transmit the same to the clerk of the district court, and the clerk shall docket the same upon payment by the appellant of the docket fee; and on or before the first day of the next succeeding term of the district court, the appellant shall file a petition setting forth the order or decision of the board appealed from and his claims and objections relating thereto; a failure to comply with these requirements shall be deemed a *waiver* [the italics are ours] of the appeal and in such case the court shall dismiss the same. [Section 1989-a14, Code Supplement, 1913.]"

During the discussion of that case, we said, on pages 410 and 411:

"From a reading of these [sections] it will be noticed that the appeal is perfected by the filing of notice and the giving of the bond. All the other requirements have reference to procedure after the appeal is taken. * * * Going not to the jurisdiction of the court, but having reference to procedure after the appeal is perfected, the statute is open to construction, and the objects and purposes thereof may be considered in arriving at a proper rule for such cases."

Then, on page 412, we continued:

"The statute is a remedial one, and should be so construed. The petitions were filed immediately upon the discovery of the mistake or neglect, and before the motions to dismiss were ruled upon. They were in time to answer every requirement of the law; and, while the statute fixes the time when the petition shall

be filed, failure to comply may be excused and the case retained for trial."

Finally, on page 413, we conclude:

"Unless the requirement be jurisdictional, the uniform tenor of the authorities seems to be that, if the step required be omitted by mistake, accident, or neglect, it may be cured after motion is made, provided it be done before the motion is decided."

Here, in the case at bar, a motion was made to dismiss on the 25th, but the defendant filed the required bond before the hearing thereon. Hearing in the Johnson County district court was in no way delayed because of defendant's tardiness. No prejudice resulted. The petitioner admits this. Preliminary requirements for jurisdiction in *Elwood v. Board of Supervisors* (156 Iowa 407, 411), supra, were the notice of appeal and the bond; while in the case before us, the prerequisites are, under Section 11411, supra, the proper answer, motion to change, and the bond. Subsequent proceedings, including the filing of a petition, transcript, and payment of costs, in *Elwood v. Board of Supervisors*, this court declared, were remedial. Likewise, in the present proceeding the limit fixed for filing the bond was remedial. By thus placing a limit, the legislature desired to effect the speedy administration of justice. If that is accomplished, even though the bond is later filed, the spirit of the statute is not violated, provided that there is no waiver. So, too, in *Bacon v. Black* (38 Iowa 162), supra, this court indicated that the statute under consideration was remedial, as distinguished from jurisdictional. In the *Bacon* case we said:

"If the strict letter of this provision [Section 2810 of the Revision,—for all practical purposes, similar to the present statute] is to be followed, the party obtaining a change of venue must pay, or secure the costs of the clerk therefor, on or before the *morning* of the second day after the making of the order, without reference to the action of the opposing party. A payment of the costs after that time, although no steps be taken to vacate the order, would not prevent a vacation of the order afterwards made. This seems to have been the view of the court below. The effect of the ruling being that a failure to pay or

secure to the clerk the costs of the change by the morning of the second day after the making of the order, operated *ipso facto* to deny the plaintiff of all right to a change of venue. It seems to us that this view is too narrow and technical. The fundamental rule of construction to be applied to the Revision is that 'its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its objects, and assist the parties in obtaining justice.' * * * The object of the statute allowing a change of venue on the ground of prejudice in a judge is that the parties may have a trial before an unprejudiced tribunal. In order, however, to prevent parties from using these provisions of the law as instruments of delay, and to insure prompt payment of costs arising upon a change of venue, the section above quoted was enacted. Now it does seem to us that a payment of the costs on the day when, by this section of the statute, they are required to be paid, although not on the morning of that day, if such payment be made before any action be had by the court vacating the order changing the venue, would promote the objects of the statute and assist the parties in obtaining justice; whereas the refusal of the court to allow plaintiff to make payment or give security for the costs would operate to defeat such objects and to prevent the plaintiff obtaining justice, if his affidavit for change of venue states the truth. Again, the provision of the statute above quoted is a part of the law of costs, which is required to be construed remedially, and not as the penal law. * * * To hold that the plaintiff forfeited absolutely his right to the change of venue already ordered, by failing to pay or secure the costs thereof at the precise time fixed in the statute, is to construe the statute as the penal law, holding that such failure operated as a penalty upon the plaintiff, that penalty being a denial of justice to him, while he stood ready and offering a substantial compliance with the law, before any prejudice had resulted or could result to the other party.''

While, in the *Bacon* case, the statute involved related to the accomplishment of a fair trial, the statute in the case at bar seeks to obtain a convenient trial for the defendant in the county of his residence, where it is presumed his witnesses will be the more readily obtainable. That being the purpose of the statute under consideration, the object should not be thwarted

by technicalities or arbitrary strictness in construction. It was held in the *Bacon* case that, although the statute required the bond to be filed in the morning of the second day, yet it could be filed in the night of that day. Said requirement as to time, therefore, was, in effect, held not to be jurisdictional; for, as a matter of principle, if the requirement was jurisdictional, the bond could not be filed after the time limited. Hence, if the bond can be filed in the night after the morning of the second day, as held in the *Bacon* case, there is no reason based upon principle why it cannot be filed, as in the case at bar, on the first or second day thereafter. As in the *Bacon* case, here a sufficient bond was furnished and approved before the municipal court held the defendant in default and canceled the order of transfer. No delay in the proceeding in Johnson County is shown, and it is admitted that prejudice did not result to the petitioner.

Determination was made by the municipal court that the defendant did not waive the order for transfer, under the circumstances. Clearly, he did not intend so to do, according to the record. Reliance was made upon the court rule. Resultantly, the delay is to be attributed thereto, rather than to defendant's inattention. Under the facts and circumstances here presented, the municipal court's discretion in the premises was not exceeded.

When thus reaching this conclusion, we do not decide or suggest that the municipal court had power to make the rule, or that a litigant could substitute the date of publication for the time the court order was actually filed with the clerk. Notice has been taken of the court rule for the sole and only purpose of determining whether defendant waived his right to transfer. Without the waiver, he may have the transfer.

Therefore we find that the municipal court properly granted the change of trial to Johnson County. Accordingly, the writ of certiorari is annulled, and the municipal court judgment is affirmed.—*Writ annulled and judgment of the municipal court affirmed.*

All the justices concur.