IOWA GUARANTEE MORTGAGE CORPORATION, Petitioner, v. DON G. ALLEN, Judge, et al., Respondents.

No. 42122.

MARCH 6, 1934.

Brammer, Brody, Charlton & Parker, for petitioner.

Royal & Royal, and A. C. Hatt, for respondents.

DONEGAN, J.—This case is before us on a writ of certiorari directed to the municipal court of the city of Des Moines and Don G. Allen, judge thereof. The question for our determination is the correctness of the court's ruling in granting a change of venue under the provisions of section 11411 of the Code of 1931.

The facts are that in October, 1932, Iowa Guarantee Mortgage Corporation, the petitioner herein, instituted an action at law in the municipal court of the city of Des Moines, Iowa, against Glenn Baker and Mrs. Glenn Baker upon a promissory note for $913.60 executed by them to Barish Nash Company, Inc., and assigned to the plaintiff, alleging that $420 had been paid and that there was due thereon a balance of $493.60. The defendants filed an answer and counterclaim. In their answer they admitted the execution of the note and the payment of $420, but denied that there was a balance of $493.60 still due thereon, for the reasons set out in their counterclaim. In such counterclaim defendants alleged that at the time of the delivery of said promissory note they purchased an automobile from Barish Nash Company, Inc.; that said Barish Nash Company, Inc., represented said automobile to be new and unused and in perfect working condition; that such statements were false and were known to them to be false; that said automobile was not new or unused, was not in perfect working condition, and was not properly constructed; that the defendants relied upon such statements and purchased said automobile, and that they would not have purchased same if they had known that said statements were not true. Defendants further alleged that at the time of the excution and delivery of the note Barish Nash Company, Inc., were agents of and acted for and in behalf of plaintiff, and that the note sued on was payable directly to the plaintiff. Defendants further alleged that they had been damaged to the extent of $420 with interest, being the amount paid by them to the plaintiff upon said promissory note, and asked that plaintiff's petition be dismissed, the contract of purchase be rescinded, the promissory note be cancelled, and that defendants be given judgment against the plaintiff for the sum of $420 and interest.

On the same day that said answer and counterclaim were filed, the defendants filed an application under section 11411 of the Code of 1931 for a change of the place of trial to Woodbury county, Iowa, in which they stated that they were both residents of said Woodbury county; that said promissory note by its terms was payable in the city of Des Moines, Polk county, Iowa; that it appears by the answer and counterclaim filed by them that they were fraudulently induced to sign said note; and that, under the provisions of the statute, where fraud is pleaded in the inception of an instrument sued upon, the action should be transferred for trial to the court of the county of the defendant's residence. Plaintiff filed a resistance to this application in which it stated that the defendants had failed to comply with the requirements of the statute in that they had not filed a sworn answer alleging fraud in the inception of the contract, and because the fraud alleged does not constitute a complete defense. Hearing was had upon the defendants' application and plaintiff's resistance thereto, and an order entered by the court granting the application on the filing of bond as therein provided. Following this order the plaintiff filed a motion to reconsider which was overruled. The plaintiff thereupon sued out the writ under which the correctness of the trial court's ruling is now before us for determination.

The petitioner herein, being the same as the plaintiff in the action in the court below, contends that the trial court erred in granting defendants' application for a change of place of trial and in overruling plaintiff's motion to reconsider such order. This contention is based upon the ground that the defendants in their answer and counterclaim did not plead a complete defense; first, because their plea of fraud was insufficient; and, second, because they did not plead a rescission and a return or offer to return the automobile for which the promissory note was given.

Section 11411 of the Code of 1931 is as follows:

"11411. * * * In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

Petitioner contends that the defendants did not comply with this statute, because the pleading filed by them failed to allege the intent to deceive on the part of Barish Nash Company, Inc.; that such intent is an essential element in a defense of fraud; and that, without an allegation of intent, the answer and counterclaim filed does not sufficiently plead fraud so as to constitute a complete defense. The answer and counterclaim did allege statements made by Barish Nash Company, Inc.; that these statements were false; that they were known by said company to be false when made; that the defendants would not have purchased the automobile if such statements had not been made; and that they relied upon such statements and made the purchase. Only the one element of intent on the part of Barish Nash Company, Inc., was lacking to constitute a plea of fraud. In State v. District Court, 189 Iowa 1167, 179 N. W. 442, the sufficiency of an answer to justify a change in place of trial was before this court, and we said:

"Some attack is made by appellee upon the sufficiency of the answer set up by the relator. We will not scrutinize the answer to the same degree that we would upon a motion or demurrer attacking the sufficiency of the same. The sufficiency of the answer was in no manner attacked in the court below, and we think that the appellee should not be permitted to attack it indirectly, by mere argument here, in the absence of attack below. The answer purported to set up the very defense described in subdivision 6. It charged the fraudulent representations, and purported to set the same out. Whether these allegations are sufficiently specific, or whether they charge legal conclusions to an undue degree, are proper questions for the consideration of the district court upon the settling of issues. Without passing, therefore, upon the perfection of the answer as a pleading or upon the question whether it is vulnerable to any attack, we only say now that it was sufficient, at least in the absence of attack, to entitle the relator to the change of venue asked for."

The petitioner in the instant case contends that an attack was made upon the sufficiency of the answer by the resistance filed. In Seeley v. Seeley-Howe-Le Van Co., 130 Iowa 626, 105 N. W. 380, 114 Am. St. Rep. 452, we said:

"Appellee's contention that the petition of intervention is not

sufficiently specific is without merit. There were sufficient allegations to indicate the general nature of intervenor's claim, and, if the receiver desired a more specific statement, he should have moved therefor. Of course, mere general statements of fraud are insufficient. But, where attempt is made to set out the exact claim made, if that be not sufficiently specific, the defect must be reached by motion, and not by such a claim as is here made in argument only."

In State v. District Court, supra, it was stated that:

"We will not scrutinize the answer to the same degree that we would upon a motion or demurrer attacking the sufficiency of the same."

The resistance filed to the answer and counterclaim in the case now before us was not a motion or demurrer, either in name or in substance. The resistance consisted of two grounds, which were as follows:

"1. That the defendants have failed to comply with the requirements of the statute and that they have not filed a sworn answer alleging fraud in the inception of the contract.

"2. That the fraud alleged does not constitute a complete defense to plaintiff's action."

Under well-established rules of pleading, a motion or a demurrer must point out wherein the pleading attacked is not sufficient, and this cannot be done, as is attempted in the resistance filed by the petitioner, by simply claiming that the answer and counterclaim failed to allege fraud and does not constitute a complete defense.

Petitioner also contends that the answer and counterclaim filed by defendants did not constitute a complete defense, for the reason that they failed to allege a rescission and return or offer to return the automobile. Petitioner calls our attention to several Iowa cases to the effect that, in order to constitute a complete defense to a note or contract on the ground of fraud, the one claiming such fraud must plead a rescission of the note or contract and tender back whatever has been received under it. Neither of the grounds of the resistance filed in this case makes any specific reference to the failure of the pleading in this respect, and, under the rule announced in State v. District Court, supra, we do not think that the trial court, in passing upon the application for a change of place of trial, was

required to go into the technicalities of pleading and indulge in a critical examination of the answer and counterclaim, unless these matters were specifically brought to its attention by pleading on the part of the petitioner appropriate to the settlement of the issues involved. By statements of counsel on both sides, which are extraneous to the record, it appears that the automobile had been delivered into the possession of the Barish Nash Company, Inc., before the action was instituted for the amount claimed due on the note. Whether this delivery of the automobile to the seller was pursuant to the terms of the contract, or whether it was made by the defendants in connection with a rescission, were matters which could only be ultimately determined on the trial of the case.

We think that, in the absence of an attack upon the defendants' answer and counterclaim by an appropriate pleading which specifically called the court's attention to the essential matters which it is claimed were lacking therein, the trial court was warranted in entering the order transferring the trial of the case to Woodbury county. The order of the trial court is therefore sustained, and the writ annulled.—Writ annulled.

CLAUSSEN, C. J., and EVANS, ALBERT, KINDIG, and KINTZINGER, JJ., concur.