JOSEPH EULBERG, Appellee, v. A. R. COOPER et al., Appellants.

No. 42269.

APRIL 3, 1934.

Boardman & Cartwright, for appellants.

J. T. Keenan and Roseberry & Roseberry, for appellee.

ANDERSON, J.—On June 7, 1926, the plaintiff-appellee, Joseph Eulberg, was the owner of an application for United States letters patent covering improvements on exhaust heaters for motor vehicles, and on that date he entered into a contract with the defendants-appellants, under the terms of which plaintiff granted to the defend-

ants an exclusive license to manufacture and sell the heaters covered by said application; and also agreed therein to assign the letters patent when issued to the said appellants. The appellants were to pay the appellee 7½ cents royalty upon each heater sold by them, and make account to the appellee on the 20th of each month showing the actual number of heaters sold the preceding month, and make payment therefor as in said contract provided. The appellants made such account and payment on October 20th, covering the months of August and September, 1926, and failed and refused to make additional reports or payments. The said contract also provided that payments thereunder should be made to the appellee at Alton in Sioux county, Iowa. On October 13, 1927, the appellee brought suit in equity in the district court of Sioux county, reciting the execution of the contract in question, the appellants' default in the matter of ·accounting and payments, and prayed judgment for an accounting and for judgment against the appellants for the amount found due. The appellants filed answer admitting the execution of the contract in question, alleging that plaintiff had failed to perform the conditions of said contract incumbent upon him to perform, and denied that there was anything due appellee under the said contract. The appellants further alleged that the contract involved was procured by fraud and false and fraudulent representations and statements, in that the appellee stated and represented prior to the execution of the contract that there were no other heaters on the market using the form of construction covered by the contract; that other manufacturers had used similar form of construction, but they had been compelled to desist on account of appellee's claimed patent rights; that the appellee had in his possession all the necessary dies, tested by actual manufacture and use, ready for delivery to the appellants, and that the appellants would thereby be enabled to immediately start the manufacture and delivery of completed heaters; that appellee had been engaged in the actual manufacture of the heaters for one year, and had in successful and acceptable operation over 3,000 heaters, which were and had been satisfactorily used by his patrons. And appellants alleged in their answer that each of said statements and representations were false and untrue, and known to the plaintiff to be false and untrue at the time they were made; and that they were made for the purpose of deceiving and did deceive the defendants, who relied upon the same, and were thereby induced to execute the agreement herein

involved. The answer was duly verified. At the same time of filing the answer, the defendants filed a motion to transfer the venue to Marshall county, Iowa, under the provisions of sections 11411 and 11413 of the Code. A resistance was filed to such application by the plaintiff on the ground that the answer did not allege fraud in the inception of the contract constituting a complete defense to plaintiff's cause of action. The motion to transfer was overruled by the trial court, and the trial court then proceeded to try the question of fraud on the motion to transfer, and upon the final submission of this question the court held that the appellants had failed to establish the fraud alleged in their pleadings, and that the plaintiff-appellee could proceed to establish the allegations of his petition. And upon a hearing and final submission the court found that an accounting should be had, and entered judgment against the appellants for $2,304.57, together with interest and costs. The defendants have appealed from such final judgment as well as from the ruling of the court overruling their motion for a change of venue.

The principal contention of the appellants on this appeal is that the court erred in denying the defendants' motion to transfer the cause to the district court of Marshall county, and this is the only question we will notice in disposing of the appeal.

Section 11411 of the Code provides:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

The appellants clearly placed themselves within the provisions of the section quoted, and we have held in construing that section that it is mandatory in its terms, and that upon the filing of a sworn answer properly alleging fraud in the inception of the contract as a complete defense, a change of venue shall be granted. This was the holding in State v. District Court, 189 Iowa 1167, 179 N. W. 442. In that case we held that the granting of a change under the statute quoted did not rest in any degree upon the discretion of the court, but that the right to a change was mandatory. In that case an attack was made upon the sufficiency of the answer, setting up

the alleged fraud, and we there said: "We will not scrutinize the answer to the same degree that we would upon a motion or demurrer attacking the sufficiency of the same." In the case at bar the answer was not attacked by motion or demurrer, while it is true, a resistance was filed to the motion to transfer, on the ground that the answer did not comply with the statute alleging fraud in the inception of the contract as a complete defense. The trial court, apparently, acted upon the impression that he had a discretion in the matter and proceeded to try out the question of fraud. This, we think, was error. The ruling in State v. District Court, supra, was followed in Sioux City Cattle Co. v. Lovrien, 198 Iowa 296, 197 N. W. 914; State v. District Court, 199 Iowa 48, 201 N. W. 100; McLaughlin-Gormley-King Co. v. Hauser, 200 Iowa 210, 202 N. W. 574; Iowa Farm Credit Corp. v. Sawyer, 210 Iowa 43, 230 N. W. 409; also in Iowa Guarantee Mortgage Corp. v. Allen, 217 Iowa 1112, 253 N. W. 43, an opinion by Justice Donegan. In the last-cited case we reviewed .our former decisions and again held that the· right to the change was mandatory. In that case a resistance was filed to the motion for' change, setting up two objections to the granting of the change, substantially the same as were interposed by the appellee in the case at bar. And we there held:

"Under well-established rules of pleading, a motion or a demurrer must point out wherein the pleading attacked is not sufficient, and this cannot be done, as is attempted in the resistance filed by the petitioner, by simply claiming that the answer and counterclaim failed to allege fraud and does not constitute a complete defense."

And we further said in that case:

"We do not think that the trial court, in passing upon the application for a change of place of trial, was required to go into the technicalities of pleading and indulge in a critical examination of the answer and counterclaim, unless these matters were specifically brought to its attention by pleading on the part of petitioner appropriate to the settlement of the issues involved."

In view of our prior pronouncements in the interpretation and construction of the statute under consideration, we deem it unnecessary to further prolong this opinion. We are constrained to hold that the trial court erred in denying appellants' motion for a transfer of the action to Marshall county. The cause is reversed and re-

manded, with instructions to enter an order in conformity with this opinion.—Reversed and remanded.

CLAUSSEN, C. J., and STEVENS, KINDIG, MITCHELL, KINTZINGER, and DONEGAN, JJ., concur.