JOSEPH EULBERG, Appellee, v. A. R. COOPER et al., Appellants.

No. 44639.

APRIL 4, 1939.

Boardman & Cartwright, for appellants.

W. D. Kearney and T. E. Clay, for appellee.

OLIVER, J.—This is the second appeal in this action which was originally brought in October 1927, in Sioux district court. In the first appeal reported in 218 Iowa 82, 254 N. W. 48, decree in favor of plaintiff-appellee was reversed for error of the court in overruling application of appellants to transfer the case to Marshall district court. Upon retrial in Marshall district court decree and judgment was again rendered against defendants and this appeal is taken therefrom.

Appellee was the owner of an application for letters patent covering improvements on exhaust heaters for motor vehicles, and on June 7, 1926, entered into a contract with appellants by the terms of which appellants were granted an exclusive license to manufacture and sell said heaters. It was also agreed that the letters patent, when issued, would be assigned to appellants. The letters patent were received by appellee late in November 1926. Appellants agreed to pay appellee 7½ cents royalty upon each heater sold by them and to make accounting and payment on the 20th of each month, of and for the heaters sold during the preceding month. On September 20, and again on October 20, 1926, appellants made such accounting and made payment for the months of August and September, but failed to make further accounting or payments although the sale of the heaters appears to have continued until sometime in 1928. The court found that appellants should account to appellee for royalty upon 24,824 additional heaters, together with interest thereon and entered judgment accordingly. In this appeal three grounds for reversal are argued.

I. It is contended appellee failed to comply with the provisions of said contract requiring him to stop infringements by others and on that account appellants were entitled to and did terminate the contract in June 1927, and consequently were not liable for royalties on heaters sold thereafter. Following are the provisions of the contract relative thereto:

"5. It is further understood and agreed that upon the

issue of a patent covering said application, the said licensor will attempt to stop apparent infringers upon the patent, and the licensor agrees to bring suit for infringement against such infringers.

"(a)  The amount spent by the licensor on such infringement suits shall not exceed the royalties paid to the licensor at the time the suit is brought.

"12.  It is further agreed that in the event of the licensor not bringing suit for infringement against apparent infringers upon the patent issued upon said application, then and in that event, after a ten day notice to the said licensor by the said licensees to bring said suit, the said licensees shall not be obligated for the payment of further royalties until such infringement shall cease or said licensees may use royalties for the instituting of suit or suits for infringement against others under the patent to be issued upon said application and may join the said licensor as co-plaintiff."

Appellee testified he did attempt to stop apparent infringers and it is shown that in connection with such efforts he did spend on infringements suits, which he instituted, more than all the royalties ever received.  One such suit was instituted in the United States district court for the district of Indiana, and, in May 1927, resulted in a consent decree of injunction against the infringer.  Immediately thereafter appellants were advised of the result of this suit.  Suit was also instituted in Nebraska against another infringer.

Division 12, above set out, gave appellants the right to protect themselves from infringements in the event appellee failed so to do.  However, it does not appear that appellants ever instituted any suits against infringers, as they might have done at appellee's expense, under said division 12.  Moreover, there was evidence that certain other heaters of which appellants complain were not infringements upon said patent.  Therefore, we are inclined to agree with the holding of the trial court that appellee fully performed his part of the contract in this particular.

But, say appellants, subdivision 5 (a) which limits appellee's required expenditures for litigation to the royalties received, conflicts with divisions 5 and 12, and should be held for naught under a secondary rule of construction that "a subse-

quent clause irreconcilable with a former clause and repugnant to the general purpose and intent may be disregarded''. An expression of opinion upon this suggested method of interpretation is unnecessary. Although the provisions of subdivision 5 (a) expressly limit the requirements of division 5, they are neither repugnant to the general purpose of the contract nor to the provisions of the previous clause. Construing the contract as an entirety there is no inconsistency.

II. Another proposition urged is that Cooper Manufacturing Company, a corporation, and not the two individual appellants Cooper, manufactured and sold the heaters. For this reason, it is argued, appellants were not personally liable to an accounting for royalties.

Appellants owned practically all the stock of this corporation and were in full charge of its operations. They negotiated with appellee as Cooper Manufacturing Company, but did not advise appellee of its corporate character, and executed the contract as individuals, although it now appears that all the heaters were manufactured and sold by the corporation. Having so dealt with appellee, the Coopers may not now be heard to deny individual liability under the written contract executed by them as individuals. Nor could they in any event avoid liability to an accounting in equity by procuring the manufacture and sale of the heaters through a corporation operated by them. The corporation did not, as suggested, manufacture and sell the heaters as an infringer but with the full consent and under the direction of appellants. The position of appellants is the same as though Cooper Manufacturing Company had acted as their agent in handling the heaters. Contention that appellants thereby avoided personal liability for royalties is without merit.

III. Lastly, appellants contend that in June 1927, they repudiated the contract and that even though such repudiation was wrongful they were thereafter liable only as infringers. The record does not warrant the assumption that the contract was repudiated. The refusal to make payments legally due thereunder did not amount to repudiation.

Moreover, it may not be said that if the attempted repudiation was wrongful and without just cause, appellee's rights would be limited to action against appellants as infringers. It is claimed there is a statement to that effect in Ross v. Dowden

Mfg. Co., 147 Iowa 180, 123 N. W. 182. The statement made in that case was dictum, was unnecessary to the decision, and its interpretation and meaning are not free from doubt. In any event it is the rule that in such case the licensor may, at his election, treat the license as still in force and maintain action against the licensee for royalties. St. Paul Plow Works v. Starling, 140 U. S. 184, 11 S. Ct. 803, 35 L. Ed. 404.

The decree of the trial court should be and is affirmed.— Affirmed.

MITCHELL, C. J., and RICHARDS, SAGER, MILLER, HAMILTON, HALE, and BLISS, JJ., concur.